**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS TORRES-SANTOYO, | No. 19-71795 |
| Petitioner, | Agency No. A087-531-169 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Juan Carlos Torres-Santoyo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and terminate, or alternatively, to reopen and remand, his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and the denial of a motion to terminate, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny the petition for review.

The BIA did not abuse its discretion in denying Torres-Santoyo's motion to reopen and terminate as untimely and number-barred, where it was filed more than three years after the order of removal became final and was beyond the numerical limitations, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), and where Torres-Santoyo has not established that any statutory or regulatory exception applies, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3).

The BIA also did not abuse its discretion in denying Torres-Santoyo's motion to reopen and terminate as untimely where Torres-Santoyo failed to demonstrate that he met the requirements for equitable tolling based on intervening case law in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *See Lona v. Barr*, 958 F.3d 1225, 1230-31 (9th Cir. 2020) (discussing the circumstances in which a movant may be entitled to equitable tolling); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

Torres-Santoyo does not raise, and therefore waives, any challenge to the BIA's denial of his motion to reopen and remand to consider additional evidence of exceptional and extremely unusual hardship. *See Lopez-Vasquez v. Holder*, 706

F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

**PETITION FOR REVIEW DENIED.**